IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| NANCY PECK, | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-22-92 |
| LEIDOS, INC., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In this action, Plaintiff Nancy Peck alleges that Defendant Leidos, Inc., discriminated against her in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"). ECF No. 10. Defendant has filed a Motion to Dismiss, ECF No. 11, which is unopposed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, the Court will grant the Motion to Dismiss.

I. BACKGROUND[1]

Defendant Leidos was incorporated in Delaware and has its principal place of business in Reston, Virginia. ECF No. 10 ¶ 4.[2] Leidos is a government contractor with, as relevant here, a contract with the National Institutes of Health ("NIH"). *Id.* ¶ 13. Plaintiff Peck, a Rockville, Maryland resident, was an employee at Leidos at the relevant time. *Id.* ¶¶ 5, 6. Peck was employed at Leidos for five years as a UX Strategist and a Leidos Web Team Manager. *Id.* ¶ 6.

---

[1] Unless otherwise noted, all facts herein are taken from the Amended Complaint, ECF No. 10, and presumed true.

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Throughout her time as an employee at Leidos, Peck worked on site at the NIH. *Id.* ¶ 7. Peck consistently received praise for her work. *Id.* ¶¶ 8, 9. Peck has been diagnosed with Bipolar Disorder. *Id.* ¶ 11. Leidos was aware of the diagnosis. *Id.* However, upon learning of the diagnosis, the NIH requested that Leidos remove Peck from the contract. *Id.* ¶ 12. Leidos put Peck on leave. *Id.* ¶ 15. When Leidos allowed Peck to return to work, Peck was removed from prior projects and responsibilities. *Id.* ¶¶ 16, 17.

Peck filed a *pro se* Complaint in Maryland state court on November 24, 2021. *See* ECF No. 1 ¶ 1. In the brief Complaint, Peck alleged "employ[ment] discrimination[,]" "wrongful dismissal[,]" "gaslighting[,]" and "pain and suffering." ECF No. 4. Leidos removed the action to this Court on January 13, 2022, based on diversity jurisdiction. ECF No. 1. Leidos then filed a Motion to Dismiss, ECF No. 8, and Peck was sent a Rule 12/56 Notice.[3] Peck filed the Amended Complaint on February 2, 2022. ECF No. 10. The Amended Complaint contains one count of disability discrimination in violation of the ADA. Leidos responded with a Motion to Dismiss. ECF No. 11. Though she was sent a Rule 12/56 Notice on February 17, 2022, ECF No. 12, Peck has not responded to the pending Motion.[4]

## II.     DISCUSSION

Leidos advances two arguments in favor of dismissal of the Amended Complaint: that Peck did not properly serve Leidos and that the Amended Complaint fails to state a claim. *See* ECF No. 11-1 at 2, 6.

---

[3] Rule 12/56 Notice advises a *pro se* plaintiff of her rights under Federal Rule of Civil Procedure 12 and Federal Rule of Civil Procedure 56.

[4] As this Court has noted before, "'[w]hen a plaintiff fails to oppose a motion to dismiss, a district court is entitled, as authorized, to rule on the ... motion and dismiss [the] suit on the uncontroverted bases asserted in the motion.'" *Zos v. Wells Fargo Bank, N.A.*, No. 16-cv-00466-GJH, 2017 WL 221787, at *2 n.5 (D. Md. Jan. 18, 2017) (quoting *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016) (internal quotations and citations omitted)).

### A. Service of Process

Federal Rule of Civil Procedure 12(b)(5) provides that a defendant may assert insufficient service of process by motion as a defense to a claim for relief. "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to [Federal Rule of Civil Procedure] Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). "Even when Defendants receive actual notice of the proceedings against them, Plaintiff still must comply with 'plain requirements for the means of effecting service of process.'" *Davis v. Baltimore City Cmty. Coll.*, No. 19-cv-2194-ADC, 2019 WL 5636362, at *3 (D. Md. Oct. 31, 2019) (quoting *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

"[I]t is . . . well-settled that state law governs the sufficiency and service of process before removal." *Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998) (citing *Nealey v. Transportacion Maritima Mexicana*, 662 F.2d 1275, 1282 (9th Cir. 1980); *McKenna v. Beezy*, 130 F.R.D. 655, 656 (N.D. Ill. 1989)); *see also Steverson v. HSBC Auto Fin., Inc.*, No. 10-cv-3119-DKC, 2011 WL 1103164, at *4 (D. Md. Mar. 23, 2011) ("In cases removed to federal court, state law determines whether service of process was properly effected prior to removal.") (citation omitted)). This case was removed from the Circuit Court for Montgomery County, Maryland. *See* ECF No. 1. Maryland Rule 2-124(d) requires that service upon a corporation be made by "serving its resident agent, president, secretary, or treasurer[.]" Maryland Rule 2-121(a) requires that service via mail be made by "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery – show to whom, date, address of delivery.'"

Here, Peck attempted to serve Leidos by mailing a certified copy of the state court complaint to "Leidos" at "11951 Freedom Dr, Reston, VA 20190." *See* ECF No. 11-1 at 4.[5] Peck did not comply with either Maryland Rule regarding service on a corporation. She did not serve the resident agent, president, secretary, or treasurer of Leidos, and she did not indicate that it was "Restricted Delivery" for a particular person to be served.

Additionally, Leidos raised the insufficiency of service in its Notice of Removal, ECF No. 1 ¶ 2, the first Motion to Dismiss, ECF No. 8-1 at 3, and again in this Motion to Dismiss, ECF No. 11 at 4. However, Peck has not attempted to cure the defect. *See* 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal[,] . . . such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."). Nor has Peck responded to these arguments or requested the opportunity to properly serve Leidos. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

A failure to properly serve a defendant warrants dismissal under Rule 12(b)(5), despite a plaintiff's *pro se* status and despite a defendant's "actual notice" of the suit. *See Davis*, 2019 WL 5636362, at *3. Accordingly, the Court will grant the Motion to Dismiss pursuant to Rule 12(b)(5).[6]

---

[5] Leidos also argues that this was an incorrect address, which delayed Leidos in receiving any notice of the suit. ECF No. 11-1 at 4 n.3. Leidos eventually received notice on December 16, 2021. ECF No. 7 ¶ 1.

[6] Because the Amended Complaint also fails to state a claim, the Court will dismiss the action instead of ordering Peck to serve Leidos.

### B. Failure to State a Claim

"A defendant may test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Maheu v. Bank of Am., N.A.*, No. 12-cv-508-ELH, 2012 WL 1744536, at *4 (D. Md. May 14, 2012) (citing *German v. Fox*, 267 Fed. Appx. 231, 233 (4th Cir. 2008)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of Peck's claims, the Court accepts factual allegations in the Complaint as true and construes the factual allegations in the light most favorable to Peck. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). Self-represented litigants' pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. Feb. 20, 2014). Additionally, as relevant here, a defendant may move for dismissal if a plaintiff fails to comply with administrative exhaustion requirements. *See Lorenzo v. Rumsfeld*, 456 F. Supp. 2d 731, 732 (E.D. Va. 2006), *aff'd sub nom. Lorenzo v. Gates*, 225 F. App'x 165 (4th Cir. 2007) (citations omitted)); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234 (1982).

In the Amended Complaint, Peck alleges one count of disability discrimination under the ADA. ECF No. 10. Peck specifies that she brings her claim under "Title II of the [ADA]." *Id.* ¶

5

2. However, Title II of the ADA specifically applies to public entities: "any State or local government" or "any department, agency, . . . or other instrumentality of a State[.]" 42 U.S.C. § 12131. Leidos is not a state or local government, and thus Title II does not apply. *See generally Magness v. Harford Cnty.*, No. 16-cv-2970-ELH, 2018 WL 1505792, at *9 (D. Md. Mar. 27, 2018) (explaining the distinction between Title I and Title II of the ADA).

Additionally, even if Peck brought her claim under Title I, which applies to covered employers, 42 U.S.C. § 12112, the Amended Complaint would still fail. Title I of the ADA is "modeled after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, [and] incorporates that statute's enforcement procedures, *id.* § 12117(a)[.]" *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012). Thus, Title I requires that a plaintiff "exhaust [her] administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court[.]" *Id.* (citing § 2000e-5(b), (f)). "The exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005). "Under the exhaustion requirement, a plaintiff must file a 'charge' of discrimination with the EEOC or, in a 'deferral' jurisdiction, with an appropriate state or local agency, within a specified time 'after the alleged unlawful employment practice occurred.'" *Johnson v. Baltimore City Police Dep't*, No. 12-cv-2519-ELH, 2014 WL 1281602, at *8 (D. Md. Mar. 27, 2014) (quoting 42 U.S.C. § 2000e-5(e)(1)).

Leidos argues that Peck "has not filed a charge of discrimination with the EEOC or a local fair employment practices agency[.]" ECF No. 11-1 at 6 n.4. Peck makes no reference to filing an EEOC charge or a charge with the appropriate state agency in the Amended Complaint, nor provides any evidence of filing such a charge. A plaintiff's failure to exhaust administrative remedies before pursuing an action in federal court requires the dismissal of the suit. *See*

*Lorenzo*, 456 F. Supp. 2d at 734 (internal quotations and citations omitted). The Amended Complaint must be dismissed for this reason as well.[7]

### III.   CONCLUSION

For the reasons discussed, the Motion to Dismiss is **GRANTED**. The Clerk will be directed to close this case. A separate Order follows.

Dated:  August  1, 2022                                         /s/
                                                                                        GEORGE J. HAZEL
                                                                                        United States District Judge

---

[7] In Peck's original state court Complaint, Peck alleged that she "has filed an EEO claim with Leidos." ECF No. 4 at 1. However, the Amended Complaint has no mention of an EEOC charge, and Leidos states it has received no notice of a charge filed with either the EEOC or the appropriate Maryland state authority. *See* ECF No. 11-1 at 2. Peck otherwise provided no evidence that she filed a charge.